COPE, Judge
(dissenting).
I acknowledge (a) the very broad discretion the trial court has to set temporary support, and (b) the possibility that this entire issue may now be moot in light of, we are told, the closing of the original family business and the opening of another. Nonetheless, I would reverse because (1) the level of income attributed to the appellant husband exceeds, in my view, that which can reasonably be supported by this admittedly abbreviated record, (2) the scantiness of the record on business income is attributable in great part to the wife’s objections during the evi-dentiary hearing, which prevented the accountant from testifying on the issue, (3) it was facially erroneous for the court to attribute to the husband as income the $750 monthly health insurance premium paid by the employer (which adjustment is neither customary nor appropriate under the child support guidelines), (4) it was improper to attribute to the husband another $350 per month “income” for a car payment the business had been, but no longer was making (because the business no longer owned the car), and (5) the record fails to establish the parties’ expenditure and asset level during the marriage, which is the correct frame of reference for the wife’s claim that the husband receives unreported cash income from the family business.
The practical problem is that imputed income levels set a presumptive baseline for ability to pay, see Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), and in this case we are told that contempt proceedings are pending. The attribution of $6000 per month net income cannot be sustained on this record. If the temporary support order is affirmed, the imputed income figure will take on a life of its own. I would reverse.
As a final observation, given what appears to have been a relatively modest lifestyle during the marriage, this case is in serious danger of overlitigation. It needs more than anything a prompt final hearing.